UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| IN RE: ) | |
| ) | CASE NO. 09-36389-KRH |
| Richard Wiley ) | |
| Elizabeth Wiley ) | |
| ) | CHAPTER 13 |
| ) | |
| Debtor(s) ) | |
| _____ ) | |

ORDER MODIFYING LOAN TERMS

THIS CAUSE came on this day to consider the Motion to Approve Agreement to Amend Loan Terms ("Motion") filed herein by Richard Wiley and Elizabeth Wiley, Debtor(s) (hereinafter "Debtor(s)"). The Court, having reviewed the pleadings filed herein and being fully advised in the premises, orders as follows, to-wit:

    IT APPEARING TO THE COURT that CitiMortgage (Lender). has offered a Loan Modification Agreement to the Debtor of a certain Deed of Trust Note by the Debtor with CitiMortgage of a certain Deed of Trust Note dated October 13, 2004, which note is Secured by a Deed of Trust of even date therewith and duly recorded on the Subject Property; and

IT FURTHER APPEARING TO THE COURT that the Lender has holds a secured interest in certain real property titled in the name of the Debtor located at 105 Seaton Dr Colonial Heights, VA 23836 (the property), and described more fully as:

    ALL that certain lot or parcel of land, with the improvements thereon and the appurtenances thereto belonging, lying, being and situate in the City of Colonial Heights, VA and being known, numbered and designated as Lot No. 7, in Block "C", as shown on a plat of "Sherwood Hills 5", dated December 12, 1972, made by Bremner-Youngblood & Sharp, Inc., Engineers, of record in the Clerk's Office of the Circuit Court of the City of Colonial eights, VA, in Plat Book 2, page 8.

    IT FURTHER APPEARING TO THE COURT that the Lender and Debtor have engaged in further settlement discussions and have reached an agreement ("Agreement") with respect to the loan

terms of the Note referenced in Debtor's Motion and the Debtor and the Lender have been informed of the terms of this Agreement;

IT FURTHER APPEARING TO THE COURT that said Agreement is fair and reasonable;

IT FURTHER APPEARING TO THE COURT that The lower monthly payment will result in the Debtors' enhanced ability to fund their Chapter 13 bankruptcy plan despite the nationwide increase in gas, food, and electricity costs.

IT FURTHER APPEARING TO THE COURT that the Trustee was served with the Debtor's Motion; it is hereby

ORDERED that the Motion is granted and Debtor and the Lender may enter into a loan modification agreement, the terms of which are referenced in Debtor's Motion and below, and which are set forth as follows:

a. That as of September 9, 2011, the Principal balance of the note was $163,579.38 (Unpaid Principal Balance)
b. Monthly payments of $1,487.71 (estimated Principal and Interest of $1,119.82 and estimated Taxes and Insurance of $367.35) with interest rate at 6.500%
c. That as of September 9, 2011 the approximate pay off balance is $163,579.38
d. That the Modified Unpaid Principal Balance will be $179,101.48 with a fixed interest rate of 5.000%.
e. That Debtor shall make monthly payments of $1,279.29 (estimated Principal and Interest of $961.46 and estimated Taxes and Insurance of $317.83) beginning on 9/1/2011 for 360 months.
f. The maturity date of the note will be 10/1/2041.
g. All other terms of the Note shall remain effective and enforceable as set forth in said Note.

WHEREFORE it is hereby ORDERED that the Debtor and Lender have the authority to enter into the Loan Modification Agreement with the aforesaid terms; and

WHEREFORE all arrears having been included in the new principal balance, it is hereby ORDERED that the Debtor and the Trustee is relieved from making payments on the arrears claim. However, in the event that the loan modification is not successful, CitiMortgage or its authorized agents, may forward a letter to Debtors' Counsel and the Chapter 13 Trustee, advising that the loan modification was not successful. Such letter shall request that any arrears that were previously being paid through the Debtors Chapter 13 case, be reinstated. The letter shall request endorsement from Debtors counsel and the Chapter 13 Trustee and upon such endorsements, shall be filed with the Court and upon all such endorsements being present, the Chapter 13 Trustee shall begin making payments towards the arrearage claim; and it is further

Signed this _____ day of _____, 20__.

_____
United States Bankruptcy Judge

I ASK FOR THIS:

/s/ Richard J. Oulton
Richard J. Oulton VSB#29640
The Debt Law Group, PLLC
P.O. Box 5928
Glen Allen, VA 23058
804-308-0051 (ph)
804-308-0053 (fax)
Counsel for Debtor

SEEN AND AGREED:


 /s/ Carl M. Bates_____
Carl M. Bates

<u>LOCAL RULE 9022-1 (C) CERTIFICATION</u>

 COMES NOW the Debtor, by counsel and pursuant to Local Rule 9022-1(C)(1) advises the Court that the foregoing Order has been endorsed by all the necessary parties.

     _/s/ Richard J. Oulton_____
     Richard J Oulton

## **LIST OF PARTIES TO**
## **RECEIVE NOTICE OF ENTRY OF ORDER**

 COMES NOW the Debtor, by counsel, and pursuant to local Rule 9022-1(B)(1) advises the Court that the following is a list of all parties to whom notice of the entry of order should be given, to-wit:

Richard J. Oulton  VSB #29640
The Debt Law Group, PLLC
Counsel for the Debtor
P.O. Box 5928
Glen Allen, VA 23058

Carl M. Bates
P.O. Box 1819
Richmond, VA 23218-1819


Richard and Elizabeth Wiley
105 Seaton Dr.
Colonial Heights, VA 23836